

# NUMBER 13-26-00340-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE ERNIE ALONZO, MICHELE PENA, OSCAR SALINAS, AND DR. MARIO SALINAS

## ON PETITION FOR WRIT OF MANDAMUS

## MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices West and Cron
Memorandum Opinion by Chief Justice Tijerina[1]**

By petition for writ of mandamus, relators Ernie Alonzo, Michele Pena, Oscar Salinas, and Dr. Mario Salinas assert that the trial court abused its discretion by: (1) granting a "Motion to Disqualify and Show Authority and Motion to Strike [Relators']

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

First Amended Response and for Sanctions"; and (2) failing to rule on relators' plea to the jurisdiction.

"Mandamus is an extraordinary, discretionary remedy available only when a trial court clearly abuses its discretion and a relator has no adequate remedy by appeal." *In re K & L Auto Crushers, LLC*, 627 S.W.3d 239, 247 (Tex. 2021) (orig. proceeding); see *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36, 138 (Tex. 2004) (orig. proceeding). "As a discretionary writ, mandamus relief is never available as a pure matter of right or entitlement." *In re Bell Helicopter Servs. Inc.*, No. 24-0883, 2026 WL 1108684, at *7 (Tex. Apr. 24, 2026) (orig. proceeding); *see In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 138.

"A trial court has no discretion in determining questions of law or applying the law to the facts." *In re Lapuerta*, No. 24-0879, 2026 WL 969263, at *3 (Tex. Apr. 10, 2026) (orig. proceeding); *see Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). However, "[a]ppellate courts may not substitute their judgment for the trial court's determination of factual matters committed to the trial court's discretion." *In re Shipman*, 540 S.W.3d 562, 565 (Tex. 2018) (orig. proceeding) (per curiam); *see Walker*, 827 S.W.2d at 839. Further, appellate courts "may not resolve disputed factual matters in a mandamus proceeding." *In re Kay*, 715 S.W.3d 747, 751 (Tex. 2025) (orig. proceeding) (per curiam); *see In re Rogers*, 728 S.W.3d 717, 719 (Tex. 2026) (orig. proceeding) (per curiam).

The Court, having examined and fully considered the petition for writ of mandamus, the response filed by real party in interest Paul Rocha as next friend of N.R., the additional briefing filed by the parties, the record, and the applicable law, is of the opinion that

relators have not met their burden to obtain relief. Accordingly, we deny the petition for writ of mandamus.[2]

JAIME TIJERINA
Chief Justice

Delivered and filed on the
9th day of June, 2026.

---

[2] Relators filed an emergency motion to stay the trial court proceedings in this original proceeding. They asserted that the underlying trial court proceedings are currently stayed pursuant to their appeal filed in our appellate cause number 13-26-00350-CV challenging the trial court's "implicit denial" of their plea to the jurisdiction. Relators filed their emergency motion to stay "to be considered in the event the related appeal is dismissed, and the automatic stay is lifted while this mandamus is pending." By separate memorandum opinion issued this same day, we have dismissed that appeal. *See Alonzo v. Rocha*, No. 13-26-00350-CV, 2026 WL _____, at *__ (Tex. App.—Corpus Christi–Edinburg June __, 2026, no pet. h.) (mem. op.). Given our disposition of this original proceeding, we dismiss relators' emergency motion to stay as moot.